## Phil S. Herr, Appellee, v. W. O. Morgan, Appellant.

Opinion filed May 26, 1944. Opinion modified and rehearing denied October 27, 1944. Released for publication October 27, 1944.

Guy E. McGaughey, of Lawrenceville, for appellant.

Everett Lewis, of Benton, for appellee; M. M. Hart, of Benton, of counsel.

Mr. Presiding Justice Culbertson delivered the opinion of the court.

This is an appeal by appellant, W. O. Morgan (hereinafter called defendant), from a judgment against him in the sum of $3,621, in favor of appellee, Phil S. Herr (hereinafter called plaintiff), entered in the circuit court of Franklin county, and, likewise, from an order of such court denying defendant's motion to vacate the judgment and open the proceedings for further pleadings and proof.

The evidence in the case discloses that the Old Ben Coal Corporation apparently owned the coal and minerals underneath the property under consideration, and that the rest of the fee simple estate in the land was owned by individuals who had obtained their titles from owners who had conveyed the coal and minerals to Old Ben Coal Corporation. The Old Ben Coal Corporation had executed and delivered to one E. S. Adkins, an oil and gas lease conveying the entire tract of land involved in this action. Certain owners of title to the land had executed oil and gas leases to the plaintiff herein. The defendant had made a working agreement with Adkins as to the exploration for oil and gas under the lands involved in this proceeding, and was

apparently desirous of obtaining leases held by the plaintiff and to commence drilling for oil, for the reason that there was a well being drilled one-half mile north of the land under consideration in this proceeding. There was some dispute as to whether the landowners or Old Ben Coal Corporation was the owner of the oil and gas underlying the lands involved herein. As a result of negotiations between plaintiff and defendant, on June 15, 1942, the plaintiff and defendant entered into an escrow agreement, dated June 13, by the terms of which plaintiff and his wife, as first parties, and defendant, as second party, and an attorney who had acted on behalf of defendant as escrow agent, arranged for the deposit with the escrow agent of certain assignments of oil and gas leases specifically identified in such escrow agreement. The defendant paid $1,500 at the time of the deposit of the leases and agreed under the terms of such escrow agreement to pay for the additional and remaining leases at the rate of $20 per acre. There were provisions for examination of abstracts by a competent attorney and an option in the defendant to waive any objections in the event he desired to do so and to proceed. It developed that apparently the examining attorney was of the opinion that neither plaintiff nor his leaseholders had merchantable title to the leases or leaseholds, and that certain curative leases, or the signatures of certain parties, were required before plaintiff could establish and perfect such merchantable title in himself. It was the plaintiff's contention that the defendant had accepted the leases with knowledge of the deficiencies and apparently had thus waived any objections to the validity of such assignment of leases.

The evidence discloses that plaintiff did assign and deliver the leases to the attorney who acted as escrow agent and who had, likewise, prepared the opinion of title and who had acted as defendant's attorney, and

that neither the defendant nor such attorney offered to return the leases to the plaintiff, but continued to hold the leases until the date of the trial of this cause in the lower court.

This action was instituted against the defendant to recover the consideration of $20 per acre, specified in the agreement. The evidence in the case also disclosed that defendant went upon the land and built a derrick, preparatory to building an oil well, and that the defendant agreed to assign to the plaintiff an overriding royalty interest in the same lands after the execution of the escrow agreement, in accordance with an oral agreement entered into prior to the execution of such escrow agreement.

This cause was heard by the court below without the intervention of a jury, and was determined in such court upon the theory that the only substantial issue of fact for consideration was whether or not the defendant had accepted the assignment of the leases referred to in the complaint and had thus waived any objections relating to merchantability of the title. The court found the issues in favor of plaintiff and as against defendant and rendered judgment accordingly.

The court below was justified in permitting an amendment of a portion of plaintiff's complaint, and directing that such portion be stricken by order of court. There was, likewise, no evidence in support of defendant's counterclaim for the sum of $1,500, other than might arise from the language of the escrow agreement and the original payment to plaintiff. Under the facts as presented we find no error in the action of the court in dismissing such counterclaim.

As to the major issue determined by the court below (although there was controverted evidence of oral discussion or complaints), there was evidence to the effect that defendant did not make any formal complaint, either by himself or his attorney, or offer to

return the assignments of leases to the plaintiff, but kept them until the day of the trial. There was also some evidence which would lead to the conclusion that the leases had been accepted by defendant in that defendant's attorney recited in his opinion that plaintiff should answer a complaint filed in a certain proceeding and set up the fact that he had transferred all of his interest to defendant and ask to be dismissed as a party defendant, and that thereafter the defendant would ask leave to answer in his behalf. This was corroborative of the testimony of the plaintiff with respect to the acceptance of the leases.

Defendant, likewise, contends that the court below erred in denying defendant's motion to vacate the judgment and open up the proceedings for further pleading and proof relating to the attached amended answer and counterclaim. Such counterclaim set up a new and different cause of action than the counterclaim in the original suit. There was no abuse of discretion in the denial of such motion by the trial court.

The evidence presented to the court below (which was not contrary to the manifest weight of the evidence) fully justified the conclusion of such court, and the judgment of the circuit court of Franklin county will, therefore, be affirmed.

*Judgment affirmed.*